Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESA NOREN,

    Plaintiff,

v.

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY, et al.,

    Defendants.

No. C08-0034RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for summary judgment (Dkt. # 18). The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument. For the reasons explained below, the court GRANTS Defendants' motion.

## II. BACKGROUND

Plaintiff Theresa Noren was formerly employed by Defendant Cartoys, Inc. ("Cartoys"). As a Cartoys employee, Noren was covered by Cartoys' group short-term and long-term disability insurance policies purchased for the benefit of its employees.

1    In June 2005, Noren filed a short-term disability claim with Defendant Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") due to cervical disc degeneration and fibromyalgia. Jefferson Pilot denied the claim.

Noren's employment was terminated in August 2005. In August 2006, Noren appealed Jefferson Pilot's claim denial. In November 2006, Jefferson Pilot affirmed its denial of Noren's claim. *See* Haushild Decl. (Dkt. # 17), Ex. 10. The denial letter stated:

> As a reminder, you have exhausted your first level of appeal. If you disagree with this decision you may pursue your second and final level of appeal to the Jefferson Pilot Appeals Council. Please be sure to include with your letter of appeal addressed to the Jefferson Pilot Appeals Council, all medical records from your attending or other physicians that you would like to have considered for review.
>
> You or your authorized representative may request a review of your denied claim. Such request must be made in writing and submitted to us at the address below within 180 days after you receive this denial notice. . . .
>
> Please include your reason(s) for appealing and provide any proof documentation, such as office notes, laboratory results, x-rays and any other testing results to support your appeal. We will then provide you with a full written explanation of the decision within 45 days of receipt of your appeal.

Haushild Decl., Ex. 10. In response to that denial, Noren requested various documents from Jefferson Pilot, and requested 180 days from the date of receipt of those documents to submit additional information in support of her claim. *See id.*, Ex. 11. Jefferson Pilot sent some documents to Noren in December 2006. *See id.*, Ex. 12. Noren never requested a second appeal.

Noren filed this lawsuit in January 2008, and Defendants have now moved for summary judgment.

# III. ANALYSIS

## A. Standard of Review on Summary Judgment.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## B. The Defendants are Entitled to Judgment as a Matter of Law Due to Plaintiff's Failure to Exhaust her Administrative Remedies.

This is an action to recover benefits under group short-term and long-term disability insurance policies under the Employee Retirement Income Security Act of 1974 ("ERISA"). Both the short-term and long-term policy plans at issue in this case include the following provision:

> **Claims subject to ERISA.** Before bringing a civil legal action under the federal law known as ERISA, an employee benefit plan participant or beneficiary must exhaust available administrative remedies. Under this Policy, the plan participant or beneficiary must first seek two administrative reviews of the adverse claims decision, in accord with this section. After the required reviews:
> 1. An ERISA plan participant or beneficiary may bring legal action under Section 502(a) of ERISA; and
> 2. The Company will waive any right to assert that he or she failed to exhaust administrative remedies.

Haushild Decl., Ex. 1 at 25 and 47. Consistent with this two-appeal plan requirement, the November 3 denial letter told Noren how to obtain a second appeal. *See id.*, Ex. 11. Though Noren's response requested an extension of time in which to request an appeal, Noren never actually filed a second appeal.

This failure is fatal to Noren's ability to seek relief from this court. As the Ninth Circuit recently instructed:

> [B]ased on both the text of ERISA and its legislative history, we long ago concluded that 'federal courts have the authority to enforce the exhaustion requirement in suits under ERISA and that as a matter of sound policy they should usually do so.' *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980). Accordingly, we have consistently held that before bringing suit under § 502 [of ERISA], an ERISA plaintiff claiming a denial of benefits 'must available himself or herself of a plan's own internal review procedures before bringing suit in federal court.' *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).

*Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008). Though not a jurisdictional requirement, this prudential exhaustion requirement "serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the nonadversarial method of claims settlement, the minimization of costs of claim settlements, and a proper reliance on administrative expertise." *Diaz*, 50 F.3d at 1483.

At oral argument, Noren's counsel agreed that the insurance plans include an explicit two-appeal process. Counsel contended that Noren completed this process, due to the indication in her response to the first appeal denial that she intended to file a second appeal within 180 days of receiving requested documents. But an indication of intent to file a second appeal is not the same as the filing of a second appeal. Counsel argued that Jefferson Pilot could have independently conducted a second appeal, but cited no authority obligating it to do so. Counsel's attempt to shift the burden to Jefferson Pilot to conduct claims appeals, in the absence of a request from a claimant, is unavailing.

Counsel also contended at oral argument that the denial letter from Jefferson Pilot did not explicitly inform Noren that failure to file a second appeal would prevent her from filing a civil action. But again, counsel has not cited any authority requiring that this information be included in a denial letter. The plan clearly states the two-appeal process, and Noren does not claim she did not have notice of that process.

Thus, because it is undisputed that the plans at issue required Noren to file two appeals before filing a civil action, and because she has not shown that she did not seek two appeals or should be excused from doing so, the court concludes that Noren failed to exhaust the administrative remedies available under the plans at issue. Based on the prudential exhaustion requirement, the Defendants are entitled to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion (Dkt. # 16).

DATED this 2nd day of March, 2009.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge